UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mazen Abdel-Ghani,                                       Civil No. 14-3644 PJS/JJK

        Plaintiff,

v.                                                       **REPORT AND RECOMMENDATION
                                                         ON MOTIONS TO REMAND**

Target Corporation,

        Defendant;

   and

Mazen Abdel-Ghani,                                       Civil No. 14-4136 PJS/JJK

        Plaintiff,

v.

MarketSource, Inc.,

        Defendant.

---

    Mazen Abdel-Ghani, pro se Plaintiff;

    Joseph G. Schmitt, Esq., and Jeremy D. Robb, Esq., Nilan Johnson Lewis PA, for Defendant Target Corporation; and

    William E. Corum, Esq., Husch Blackwell LLP, Kansas City, MO, for Defendant MarketSource, Inc.

---

    These actions are before the Court, Magistrate Judge Jeffrey J. Keyes, on Plaintiff's Motions to Remand the related cases to state court.[1]  The matters have

---

[1] Civil File No. 14-3644 (Target case) was assigned to District Court Judge Schiltz and Magistrate Judge Keyes when the Complaint was filed.  Civil File No.

been referred to Magistrate Judge Keyes under 28 U.S.C. § 636 (b)(1)(A). A hearing on the motions was held on December 16, 2014, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101.

Plaintiff commenced separate cases in Hennepin County District Court, alleging in each case discrimination in employment against both Defendants, based on some of the same hostile or harassing conduct and relating to the same employment position. Defendant Target Corporation ("Target") removed its action from state court based on federal-question jurisdiction. Defendant MarketSource, Inc. ("MarketSource") removed its case based on diversity jurisdiction and federal-question jurisdiction. Plaintiff now moves to remand both cases to state court on grounds that it is a more convenient forum for him and he does not intend to seek relief under federal law as indicated by his proposals to amend the respective complaints.

Based upon the file, memoranda, and arguments of counsel, this Court **HEREBY RECOMMENDS** that:

1. Plaintiff's Motion to Remand in *Abdel-Ghani v. Target Corp.*, Civil No. 14-3644 PJS/JJK, be **DENIED** (Doc. No. 8);

2. Plaintiff's Motion to Remand in *Abdel-Ghani v. MarketSource, Inc.,* Civil No. 14-4136 PJS/JJK, be **DENIED** (Doc. No. 7); and

---

14-4236 (MarketSource case) came to District Court Judge Schiltz and Magistrate Judge Keyes on reassignment as a related case. (Doc. No. 13, No. 14-3644.)

   3. These actions be consolidated for purposes of discovery and all further proceedings.

Dated:   December 18, 2014

                                            s/ Jeffrey J. Keyes
                                           Jeffrey J. Keyes
                                           United States Magistrate Judge


**MEMORANDUM**

**I. BACKGROUND AND CLAIMS**

   Plaintiff commenced these cases in Hennepin County District Court, State of Minnesota, alleging discrimination with respect to employment. His pleadings state that his employer was MarketSource and his place of employment was Target. He alleges that he was subjected to hostile and harassing conduct by both MarketSource and Target employees, and the misconduct directed at him was based on national origin. The pleadings in both cases also allege that Plaintiff's employment complaints were reported to the EEOC and cross-filed with the Minnesota Department of Human Rights, and he is now proceeding after requesting the right to sue from the EEOC. Also, both Complaints specifically seek damages for the respective Defendant's failure to adhere to applicable County, State, and Federal rules, laws, and regulations prohibiting discrimination based on national origin, retaliation, disabilty, or age. The Complaint against

MarketSource identifies the Defendant as a company located in Alpharetta, County of Fulton, Georgia, and alleges damages in excess of $100,000.

Target removed its case to federal court on September 22, 2014, and MarketSource removed its case to federal court on October 3, 2014.  Target's Notice of Removal asserted that the removal was timely and was based on references in the Complaint to the EEOC charges and to federal law as grounds for relief.  MarketSource's Notice of Removal likewise cited the claim for relief under federal law and also asserted that the alleged amount in controversy and the citizenship of the parties satisfied the requirements for diversity jurisdiction. Plaintiff filed his Motion to Remand in each case on October 10, 2014.  He also submitted a "First Amended Complaint" along with each remand motion, but he did not file the amended pleadings as a matter of course under Fed. R. Civ. P. 15. Each Defendant adopts the position that the Amended Complaint, sans federal claim, is the post-removal operative pleading in its case.[2]  The only substantive change in each Amended Complaint is the deletion of the word "federal" in reference to the applicable laws.

---

[2] MarketSource filed an Amended Answer in its case (No. 14-4136, Doc. No. 10), expressly acknowledging the First Amended Complaint.  Target asserts that Plaintiff has voluntarily dismissed his federal claim in argument for consolidation of cases contained in his memorandum in opposition to remand. (No. 14-3644, Doc. No. 18 at 6.)  Target has not filed a pleading in response to the First Amended Complaint.

## II. ANALYSIS

**MarketSource Removal.** MarketSource's primary ground for removal is diversity jurisdiction. The Notice of Removal states that Plaintiff is a citizen of Minnesota, and that Defendant is a citizen of Maryland, its state of incorporation, and Georgia, its principal place of business, and complete diversity therefore exists. The Notice of Removal further states that the Plaintiff's claim for judgment in excess of $100,000 satisfies the $75,000 amount-in-controversy requirement, and federal subject matter jurisdiction exists under 28 U.S.C. § 1332(a)(1). Plaintiff argued at the hearing that diversity does not exist because MarketSource does business in Minnesota.

A civil action commenced in state court may by removed to federal district court where original jurisdiction exists. *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1441(a)). The federal district court has diversity jurisdiction, and the case is removable, where the $75,000 amount-in-controversy requirement is met and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C. § 1441(b)). The jurisdictional requirements for removal on diversity grounds under 28 U.S.C. § 1441(b) are clearly satisfied in the MarketSource case. Plaintiff's argument for remand relates to personal jurisdiction and is not pertinent to the question of subject matter jurisdiction which is now before the Court.

MarketSource's alternative grounds for removal based on federal question jurisdiction is quite equivocal, noting the specific reference to federal law and the EEOC, but acknowledging that the Complaint did not cite any particular federal statute as the basis for Plaintiff's national origin discrimination claim.  In the absence of a clear assertion of federal-question jurisdiction, and in light of this Court's conclusion that removal was proper on the basis of diversity jurisdiction, the Court finds no need to address this ground for removal of the MarketSource action.

**Target Removal.**  Target is a Minnesota corporation and makes no claim of diversity of citizenship.  Target's Notice of Removal does however assert that removal was proper under 28 U.S.C. § 1441 because original district court jurisdiction exists under 28 U.S.C. § 1331 for civil actions arising under the laws of the United States.  Again, Target points to the claim for violation of state and federal law in the Complaint.  Target also cites generally to federal statutes barring discriminatory practices in employment, 42 U.S.C. § 2000e-2, *et seq.*, though the Complaint itself does not cite any specific state or federal statutory bases for Plaintiff's claims.

Even though the actual statutory basis for Plaintiff's claims is not specifically identified in the Complaint, the pleading expressly states that Plaintiff is seeking relief under applicable county, state, and federal rules, laws and regulations prohibiting national origin discrimination.  Moreover, the alleged prior

involvement of the EEOC in this matter lends support, however modest, to Target's position. This Court concludes that the Target case began as a civil action arising under the laws of the United States over which the district court has original jurisdiction under 28 U.S.C. § 1331, and the matter was properly removed to federal court under 28 U.S.C. § 1441(a). The proposed First Amended Complaint was placed on the record in this case after the removal to federal court was accomplished, and therefore, does not render the removal improper. *Peterson v. Sagebrush Resources LLC*, 736 F. Supp. 2d 1237, 1238-39 (D.N.D. 2010) (citing cases holding that, on removal, jurisdiction should be determined by looking at the case as it was presented in state court.)

**Consolidation and Supplemental Jurisdiction.** Target correctly argues that removal was permissible, and this case is properly in federal court, because the district court had original jurisdiction over a claim arising out of federal law. But Target further contends that, despite the subsequent voluntary dismissal of any federal claim, the district court should continue to retain supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), and should consolidate the MarketSource and Target cases for further proceedings in federal court. MarketSource states no opposition to consolidation. Plaintiff agrees that the matters should continue in one proceeding, but insists that this proceeding should be in Hennepin County District Court. As previously concluded, the district court has original diversity jurisdiction in the MarketSource action, and there are no

grounds for removal.  This Court now further concludes that supplemental jurisdiction should be exercised and the actions should be consolidated.

      The matters of consolidation and supplemental jurisdiction in this case go hand in hand.  The determination as to whether supplemental jurisdiction should be exercised entails a balancing of interests of judicial economy, convenience, fairness, and comity.  *Armstrong v. Am. Pallet Leasing Inc.*, 678 F. Supp. 2d 827, 848 (N.D. Iowa 2009).  Also, 28 U.S.C. § 1367(c)(3) grants district courts the discretionary power to exercise or decline jurisdiction where the federal claim has been dismissed and only state law claims remain.  *Gifford v. Target Corp.*, Civ. No. 10-2049 ADM/LIB (Order, Doc. No. 36.)  In this instance it is apparent to this Court that the MarketSource and Target cases involve the same employment situation.  It is the same plaintiff in both actions and it can be gleaned from the pleadings that there are witnesses common to both cases.  There would undoubtedly be duplicate depositions of Plaintiff and others, as well as redundant written discovery, that would be averted by consolidation.  Moreover, Plaintiff has put forth allegations of conspiracy between Defendants, which could entail a common defense, and consolidation would promote certain efficiencies, which would likely benefit Plaintiff as well as Defendants.  Finally, interests of judicial economy would be greatly promoted by consolidating these cases into a single proceeding, thereby avoiding duplication of judicial efforts in state and federal courts.  The worst outcome would be having the MarketSource case proceed in

this Court, which of course it must because diversity of citizenship is present, while the Target case, based on the same facts and circumstances, proceeds in state court. Consolidation of these cases and exercise of supplemental jurisdiction in the Target action are warranted under these circumstances.

Though the Target and MarketSource actions should be consolidated for purposes of discovery and trial, they remain separate cases and consolidation does not destroy diversity jurisdiction in the MarketSource matter. Plaintiff's opposition to remand rests largely on his relative comfort levels in state and federal court. His apprehensions about proceeding in federal court are not grounds for remand and, in any event, are unwarranted.

JJK

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 5, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.