UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MAZEN ABDEL-GHANI,                              Case No. 14-CV-4136 (PJS/FLN)

            Plaintiff,

v.                                                                    ORDER

MARKETSOURCE, INC.,

            Defendant.

---

Mazen Abdel-Ghani, plaintiff, pro se.

William E. Corum and R. Anthony Costello, HUSCH BLACKWELL LLP; and
Shannon M. McDonough, Heather J. Kaiser, and Tyler P. Brimmer, FAFINSKI
MARK & JOHNSON, P.A., for defendant.

This matter is before the Court on plaintiff Mazen Abdel-Ghani's motion for

review of costs.  ECF No. 130.  The Clerk of Court awarded costs to defendant

MarketSource, Inc. after its motion for summary judgment was granted and Abdel-

Ghani's complaint was dismissed.  Abdel-Ghani argues that he should not be required

to pay MarketSource's costs because he might win his appeal.  But under this Court's

local rules, the pendency of an appeal is not a reason to deny taxation of costs.  Abdel-

Ghani's motion is therefore denied.

-1-

## I.  BACKGROUND

On May 3, 2016, the Court granted MarketSource's motion for summary judgment.  The Clerk entered judgment the following day.  MarketSource filed a bill of costs on May 11.  Abdel-Ghani filed no objection to the bill of costs, but he did appeal the dismissal of his action on May 20.  The Clerk entered a cost judgment in the amount of $1,718.46 against Abdel-Ghani on September 1.  The next day, Abdel-Ghani filed this motion for review of costs.

## II.  ANALYSIS

Abdel-Ghani argues that costs should not be taxed against him because the dismissal of his action may be reversed on appeal.  But Local Rule 54.3(c) requires the Clerk to tax costs, and makes no exception for cases in which an appeal is pending.  That rule instructs that "[u]nless the court directs otherwise, the clerk *will* tax costs after the bill of costs, any objections, and any response have been filed and served in accordance with LR 54.3(c)(1)."  LR 54.3(c)(2) (emphasis added).  Given that MarketSource fulfilled its obligations under LR 54.3(c)(1) by filing and serving a bill of costs, and given that Abdel-Ghani did not file and serve an objection within the allotted 14 days, the Clerk acted properly in taxing costs.

Abdel-Ghani's argument that costs cannot be taxed while an appeal is pending is not only without support in the local rules, but also without support in the decisions of

the Eighth Circuit and this Court.  The Eighth Circuit has rejected the argument that a

district court does not have authority to grant costs against a party who has filed an

appeal.  *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (citing *Lorenz*

*v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260-61 (7th Cir. 1994) (Easterbrook, J.) (holding

that, because "costs are appealable separately from the merits," a court still has the

power to award costs when an appeal on the merits is pending)).  And this Court has

ruled that the pendency of an appeal does not provide grounds for challenging a cost

judgment.  *See Lockridge v. Per Mar Sec. & Research Corp.*, No. 12-CV-2894, 2015 WL

10000689, at *1 (D. Minn. March 5, 2015) ("Filing a notice of appeal does not affect the

time lines set forth in [LR 54.3(c)(1)(A)]." ).

In support of his argument, Abdel-Ghani relies on a statement found in a

pamphlet entitled *Taxation of Costs in a Civil Case in the United States District Court for the*

*District of Minnesota* ("*Taxation of Costs*").  That statement reads:

> In this District, costs are not ordinarily taxed while an appeal
> is pending because of the possibility that the judgment may
> be reversed.   However, if a party believes there is a reason
> why they should be immediately taxed in a particular case,
> he or she may make a written request for taxation prior to
> resolution of the appeal.

Abdel-Ghani argues that because MarketSource did not "make a written request for

taxation prior to resolution of the appeal," costs should not be taxed.

-3-

But *Taxation of Costs* is not legal authority.  Indeed, *Taxation of Costs* expressly warns on its cover page that litigants such as Abdel-Ghani should not cite it as authority:  "The following guidelines . . . are NOT legal advice, nor should they be cited as legal authority.  Nothing in these guidelines will create or add to any rights, claims or causes of action."  *Taxation of Costs* is nothing more than a pamphlet drafted by staff employed by the Clerk's Office.  It does not supplant any local rule or judicial decision.

Moreover, *Taxation of Costs* is not even the current version of the Clerk's Office pamphlet on bills of costs.  That would be the *Bill of Costs Guide* issued in July 2015.  The *Bill of Costs Guide* omits the language that Abdel-Ghani quotes from *Taxation of Costs*, and instead recites the procedures found in LR 54.3(c).  *See* U.S. District Court for the District of Minnesota, *Bill of Costs* Guide 2-3 (2015); *see also id.* at 1 (noting the LR 54.3(c) deadlines and stating that "[t]hereafter, unless otherwise directed by the Court, the Clerk of Court will tax costs").

In short, Abdel-Ghani's motion is based on a statement in a pamphlet that (1) has been superseded; (2) was not legal authority even before it was superseded; and (3) makes an assertion that is inconsistent with a local rule and judicial decisions.  Abdel-Ghani's motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     Plaintiff's motion for review of costs [ECF No. 130] is DENIED.

2.     Plaintiff's request to reply to defendant's response [ECF No. 132] is

DENIED AS MOOT.

Dated:  October 13, 2016                 s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge